EXHIBIT 1 COMPLAINT AND DEMAND FOR JURY TRIAL
Paragraphs 91, 110;

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| JOHN J. SMITH JR., <br> Plaintiff <br><br> v. <br><br> CITY OF HOLYOKE, <br> OFFICERS JAMES PARNELL, CRYSTAL <br> MANZI, SAMUEL DELVALLE <br> AND MSP TROOPER THIAGO O. MIRANDA, <br><br> Defendants, | CIVIL ACTION NO. 3:17-cv- <br><br><br> **COMPLAINT AND DEMAND <br> FOR JURY TRIAL** |

## INTRODUCTION

1. This is a civil rights action on behalf of Plaintiff John Smith ("Mr. Smith") against Holyoke police Officers James Parnell ("Officer Parnell") Officer Crystal Manzi ("Officer Manzi"), Officer Samuel Del Valle ("Officer Del Valle"), Massachusetts State police trooper Thiago O. Miranda ("Trooper Miranda") and against the City of Holyoke as a result of unreasonable force during his June 25, 2014 arrest in Westfield, Massachusetts. The officers inflicted serious injuries including multiple facial lacerations, a fracture of the anterior and posterolateral and medial wall of the left maxillary sinus extending to the left orbital wall, three rib fractures and subcutaneous emphysema. These officers battered Mr. Smith without cause at the conclusion of a motor vehicle pursuit. When Mr. Smith's car came to a final stop, his car was boxed in and he posed no reasonably perceptible threat of harm to any person when Officer Parnell struck him in the fact with his service pistol. Mr. Smith was dragged out of his car by his hair and arms and thrown to the ground where he was beaten with closed fists at least 10 times by MSP Trooper Miranda, was tasered and kicked by others, and beaten until – and even after – he lost consciousness. Plaintiff was left with lasting injuries. He was charged with resisting arrest and assault and battery with a dangerous weapon (his car) without probable cause. These charges were dismissed by the Commonwealth.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendment to the United States Constitution and also common law torts. Titles 28 U.S.C. § 1331 and 1343 provide federal question jurisdiction over all federal claims and 28 U.S.C. § 1367 provides supplemental jurisdiction over state law claims.

1

88. By way of example and not limitation Erick De Jesus sued the City of Holyoke and two of its police officers in connection with a July 6, 2010 motor vehicle pursuit in which De Jesus alleged that at the conclusion of the police chase he gave up, had no weapons and yet two Holyoke officers forcibly dragged him out of the vehicle at gunpoint and beat him with blunt objects while handcuffed behind his back. *Erick De Jesus v. City of Holyoke, et al*, United States Federal District Court- Massachusetts, Case No. 3:13-cv-30128-MAP (Document no. 1, filed 7/3/2013).

89. On March 27, 2017 the City Holyoke and three of its police officers were sued in the United States Federal District Court of Massachusetts by the mother of a 12-year old minor who alleged her son was severely beaten by police officers on February 8, 2014 with a baton even after he surrendered to police and sustained serious and debilitating injuries including a concussion, a deviated nasal septum and abrasions and contusions to the scalp, face, chin and ear. *Janette Hernandez Pagan v. City of Holyoke, et. al.*, United States Federal District Court- Massachusetts, Case No. 3:17-cv-30031-MGMP (Document no. 1, filed 3/27/2017).

90. Similarly to Mr. Smith, Hernandez-Pagan argued in her federal case she also alerted the City of her son's injuries in writing on March 23, 2015 but that the City of Holyoke was deliberately indifferent by ignoring the complaint and refusing to investigate it.

91. By their actions the Defendants' caused Mr. Smith to suffer serious physical injuries, trauma, great pain of body and mind.

92. Mr. Smith was charged with municipal motor vehicle ordinance bylaw violation, going the wrong way down a one way street, Negligent operation of a motor vehicle, failure to stop for police, leaving the scene of property damage, and two counts of assault with a dangerous weapon (his car) and resisting arrest. Mr. Smith was dismissed on all charges on December 3rd, 2014 and plead guilty only to reckless operation of a motor vehicle on June 23rd, 2015.

## COUNT I
## 42 U.S.C. § 1983: Unreasonable Force
## Officers Parnell, Manzi, Del Valle, Trooper Miranda

93. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

94. Defendants' while acting under color of law, used unreasonable force against Mr. Smith and thereby violated the clearly established rights of each of them under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of unreasonable force by police officers.

95. Defendants' acted with reckless disregards for Plaintiffs' constitutional rights.

10

## COUNT IV
### Massachusetts Civil Rights Act, M.G.L. c. 112 § 111M
### Officers Parnell, Manzi, Delvalle, Trooper Miranda

105. Plaintiff re-alleges and incorporates paragraphs 1-118 as if fully set forth herein.

106. By means of threats, intimidation, coercion, and false testimony; Defendants' violated the civil rights of the Plaintiff under the laws of the Commonwealth of Massachusetts.

107. As a direct and proximate result of said violation, the Plaintiff suffered the injuries as described herein.

## COUNT V
### Intentional Infliction of Emotional Distress
### Officers Parnell, Manzi, Delvalle, Trooper Miranda

108. Plaintiff re-alleges and incorporates paragraphs 1-126 as if fully set forth herein.

109. By their actions, Defendants' subjected Plaintiff to reprehensible conduct that falls beneath any standard conduct of human decency and Defendants' did so knowingly, intentionally, willfully, purposefully, maliciously and with an intention to inflict harm and injury upon the Plaintiff.

110. Defendants' conduct constituted intentional infliction of emotional distress. As a direct and proximate result of the intentional conduct of Defendants', Plaintiff suffered severe emotional distress and suffers great pain both of body and mind.

## COUNT VI
### Malicious Prosecution for resisting arrest & two counts of assault with a dangerous weapon
### Officer Parnell

111. Each of the foregoing paragraphs is incorporated as if fully set forth herein.

112. Defendant Parnell caused criminal charges to be brought against the Plaintiff including two counts of assault and battery with a dangerous weapon (his car), and resisting arrest for which there was no probable cause.

113. Defendant Parnell maliciously and for no lawful purpose assisted, participated in and otherwise caused Plaintiff to be criminally prosecuted for this charge.

114. The resolution of Mr. Smith's criminal charges in connection with the resisting arrest and assault with a dangerous weapon charges was favorable to him.