

# HOLYOKE POLICE DEPARTMENT
# STANDING OPERATING PROCEDURE

| SUBJECT: HIGH SPEED PURSUIT POLICY | |
|---|---|
| **NUMBER:** 6.5.1    **EFFECTIVE DATE:** JANUARY 2003 | **REVISION DATE:** JANUARY 2003 |

## I. GENERAL CONSIDERATIONS AND GUIDELINES

A. High-speed pursuit is motorized pursuit of another vehicle at speeds above the legal speed limit. Ours is a highly mobile society and this fact, coupled with the natural desire of a law violator to avoid arrest, may often result in situations that suggest the necessity of pursuit at high speeds or pursuit contrary to traffic laws and regulative signals.

B. Patrol officers shall make every reasonable effort to apprehend a fleeing violator, but pursuit should not be carried to such an extent as to appreciably endanger the lives of innocent users of our streets and highways, or the officer him/herself.

C. As a general rule, high-speed pursuit is not recommended or favored when the potential danger to the officer and the general public outweighs the potential advantage of apprehending a fleeing vehicle by such means. Stated simply, pursuit is clearly inappropriate when the pursuit itself endangers life more than the escape of person pursued. Delay may also be the wiser choice when the person is known and he or she poses no immediate threat to the community. On the other hand, it is not in the best interests of public safety to advocate a policy that would encourage the dangerous driver, the car thief or the fleeing criminal to proceed without the imminent possibility of police intervention.

D. Each officer must use his/her discretion in determining whether or not to commence a chase bearing in mind the guidelines outlined herein. Many factors should have a bearing on his/her choice, but some of the major ones may be listed:

   1. Road conditions;
   2. Traffic conditions;
   3. Time of day;
   4. Type of vehicle involved;
   5. Nature of the offense.

E. Once made, the decision to pursue is not irrevocable, and it is the intelligent officer who knows when to discontinue the chase. It is better to abandon the pursuit when the risk of danger to the officer or to the public is high or when weather or road conditions are poor. The experience and common sense of each officer and his/her knowledge of the area should also guide him/her in his/her decision.

**II.   PROCEDURES**

A. If at all possible, especially when the situation involves traffic violators or other misdemeanants, the police officer should take preventive measures in an attempt to avoid a continuing high-speed chase by immediately obtaining the attention of the occupant(s) of the vehicle so that [s]he may choose to stop.

   1. The officer shall utilize the vehicle horn and activate the emergency dome lights.  In the nighttime, care should be taken not to blind oncoming traffic.

   2. If the foregoing fails to effectuate a stop, the siren may be used.

   3. If necessary, when road and traffic conditions permit, the officer may pull alongside the other vehicle momentarily and signal the driver to pull over.

B. A continuing high-speed pursuit (over a greater distance and for a longer period of time) is authorized when the pursuing officer has reasonable grounds to arrest the person pursued for a serious felony or any felony involving the use or threat of physical force or when any vehicle is being operated in such a manner that the public safety is seriously endangered.

C. Only plainly marked cruiser cars shall be used for continuous pursuit at high speeds.  If the <u>initial</u> pursuit <u>must</u> be undertaken by another vehicle, such vehicle shall immediately abandon the pursuit when a marked cruiser has intercepted and undertaken to continue the pursuit.

D. Only <u>one</u> vehicle shall be directly involved in a high-speed chase unless a Commanding Officer otherwise orders.

   1. If other units are dispatched to assist, they shall respond as secondary response units and shall observe applicable traffic laws.

   2. Secondary response units shall yield the right of way to the pursued and pursuing vehicle(s) and will not become directly involved in the chase.  Such units shall maintain a reasonable distance between themselves and the vehicles involved in the high speed chase and shall be available to assist in apprehension.

   3. Only units dispatched will respond to the vicinity of a high-speed pursuit for the purpose of assisting in apprehension.

E. Upon commencing pursuit, the officer shall immediately make radio contact with the dispatcher and communicate the following information:

   a. Identity of the officer's unit;

   b. Description of the vehicle and/or occupants;

   c. The exact location and direction of travel;

   d. The offense for which the vehicle and/or occupants are being pursued.

F. Radio contact shall be maintained and the officer shall broadcast the location and direction of travel of the vehicle pursued. When it is anticipated that the pursuit will enter another jurisdiction, the appropriate police department will be notified, if possible, furnishing all pertinent information.

G. Primary command responsibility shall rest with the dispatcher under direction of a Command Officer.

   a. If an officer receives a communication from the dispatcher that the chase be terminated, he shall do so immediately, reporting to the dispatcher the final location and direction of travel of the pursued vehicle at the time of termination.

   b. The pursuing officer shall voluntarily terminate pursuit when [s]he determines that the safety of the public, conditions of the road, weather, traffic or other factors so necessitate. [S]he shall notify the dispatcher of his/her decision and relay the final location and direction of travel of the pursued vehicle at the time of termination.

H. The emergency dome light(s) and/or other lights shall be immediately activated when the pursuit is undertaken.

I. Use of the siren is mandatory. The purpose of the siren is primarily to warn motorists of unusual vehicular movements. Each officer should recognize that a loud siren may cause some motorists to panic and over-react, thereby creating or adding to a dangerous situation.

J. The police vehicle should be maintained at such a distance from the pursued vehicle so that a sudden stop or change in direction of the pursued vehicle will not result in a collision.

K. Intentional contact between a police vehicle and the vehicle pursued is not recommended.[1]

L. Firearms shall not be discharged by an officer while driving or occupying a vehicle engaged in high-speed pursuit except to defend him/herself or others when being fired upon, or when the occupants of the vehicle being pursued have committed a felony in which deadly force was used and the officer has personal knowledge or positive information that the occupants are the actual offenders, that their immediate apprehension is necessary for public safety and that there are no other means available to prevent their escape and secure their arrest. In all such cases every precaution shall be taken to ensure the safety of the general public in the vicinity.

M. High-speed pursuit is not recommended when the police vehicle is occupied by any person other than a law enforcement officer.

---

[1] The use of a police vehicle as a roadblock is prohibited. Wooden horses issued to each cruiser will be used for "roadblocks" when practical and possible to do so.

*To Protect and To Serve*
*Page 3 of 4*

N.  An officer who participates in a high-speed pursuit shall at the end of his/her tour of duty submit the appropriate reports.

O.  These procedures and guidelines are to be followed in conjunction with all relevant existing statutes, by-laws, ordinances, departmental policies and procedures, rules and regulations.